The Chancellor.
James Jay, deceased, by his last will and testament, dated in the year eighteen hundred and fifteen, devised certain real and personal property, in the county of Bergen, to his executors, in trust, for the use of his daughter, Mary O’Kill, one of the complainants, who at that time was wife to John O’Kill, the father of the other complainants. Robert Campbell, the defendant, is the only surviving executor and trustee named in the will. James Jay, the testator, died soon after making his will; and about the year eighteen hundred and twenty-two, Mary O’Kill obtained a divorce from her husband, John O’Kill. All the children of Mary O’Kill are of age, and have joined as complainants in this bill, which seeks to set aside the trust altogether, and to have the estate conveyed by the defendant to Mary O’Kill, one of the complainants; and if thatrelief cannot be granted, that the trustee be changed, and some other person appointed to take charge of the estate, and execute the trusts of said will.
The defendant, in his answer, admits the facts charged in the bill, and expresses his desire to be discharged from the further execution of the trust, by reason of the multiplicity of his own private concerns, and other business, and the infirmties of age which generally accompany the decline of life.
Upon examining the will of James Jay, deceased, it appears that he has devised the property in question to the executors in trust, that they permit his daughter, Mary O’Kill, to use and *15 occupy the same, “and to take the rents, issues and profits thereof to her own use during her natural life, free from any control of her present or any future husband, and not to be any way liable for any debt or debts he now owes, or which any future husband may hereafter contract.”
It is true that by the divorce of Mary O’Kill, one reason for creating this trust has ceased, but another of equal validity yet remains. The testator saw fit to guard against the control or debt of any future husband of Mrs. O’Kill; and as she is now divorced from Mr. O’Kill, the very danger anticipated by the testator exists, and I do not feel authorized to alter his will in that particular.
But the reasons assigned for changing the trustee appear to me sufficient. Therefore let it be referred to one of the masters of this court to nominate a trustee, in place of the present defendant.
Order accordingly.
The following decree was thereupon made:—
The chancellor, being of opinion that no sufficient ground appears to authorize the extinguishment of the said trust created by the last will and testament of James Jay, deceased, and being satisfied that the trustee who now holds the said real estate as the surviving executor and trustee of the said James Jay, deceased, should he changed, and a new trustee nominated and appointed : It is, on this nineteenth day of January, in the year of our Lord one thousand eight hundred and thirty seven, by his excellency the chancellor, ordered, adjudged and decreed} that the said trustee who holds the said real estate for the use of the said Mary O’Kill, be changed ; and that a new and other trustee be appointed to execute and fulfil the trust created and directed by the said last will and testament of James Jay, deceased : And it is further ordered and decreed, that the saitl new trustee be invested with all the powers and privileges, and sub. ject to all rile resposibilities and duties of such trastee of the said James Jay, deceased, for the use of the said Mary O’Kill; *16 and that he execute and give good and sufficient security for the-, performance of such trust. It is further ordered, that it be referred to one of the masters of this court to nominate and appoint such new trustee, and receive security for the faithful performance of such trust, and that he make report thereof to this-court with all convenient speed.